# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 27, 2025

Lyle W. Cayce
Clerk

No. 24-30354
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Sensat,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:94-CR-197-1

_____

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Luis Sensat appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) allows a district court to reduce a term of imprisonment after considering the applicable factors in 18 U.S.C. § 3553(a) if it "finds that . . . extraordinary and compelling reasons warrant such a reduction." The

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court did not grant modification of Sensat's sentence. Sensat contends that the district court erred by "solely consider[ing] the Appellant's past criminal conduct that resulted in his imprisonment without giving full consideration as to Appellant's changed circumstances."

"Congress adopted § 3582(c)(1)(A) due to the 'need for a "safety valve" with respect to situations in which a defendant's circumstances had changed.'" *United States v. Jean*, 108 F.4th 275, 284 (5th Cir. 2024) (quoting *United States v. Ruvalcaba*, 26 F.4th 14, 26 (1st Cir. 2022)). "[T]o serve as a safety valve, section 3582(c)(1)(A) must encompass an individualized review of a defendant's circumstances." *Id.* (quoting *Ruvalcaba*, 26 F.4th at 26). That individualized review "requires district courts to consider intervening changes when parties raise them," "[b]ecause district courts are always obligated to consider nonfrivolous arguments presented by the parties." *Concepcion v. United States*, 597 U.S. 481, 487 (2022). And "[b]ecause we afford . . . deference to the district court" in weighing the § 3553(a) factors, "we in turn require a thorough factual record for our review. Accordingly, the district court must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (footnote omitted).

In this case, however, the district court properly "consider[ed] intervening changes" as required by *Concepcion*. *See* 597 U.S. at 487. Although the district court did not reach the legal question of whether those intervening changes met the statutory standard for extraordinary and compelling circumstances as would have been required to grant compassionate release, the district court did consider the *evidence* of such circumstances that Sensat put forward in weighing the § 3553(a) factors. The district court thus conducted the "individualized review" that Congress has required of district courts under § 3582(c)(1)(A), *see Jean*, 108 F.4th at 284 (quoting *Ruvalcaba*, 26 F.4th at 26), and explained the "specific factual

No. 24-30354

reasons" for its decision, "including but not limited to due consideration of the § 3553(a) factors," *see Chambliss*, 948 F.3d at 693.  The district court's judgment is AFFIRMED.